Josefina **VALDEZ–ESPINOZA;** Yuri Areli Burgoa–Guiterrez, Petitioners,

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–72974.**

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed Aug. 2, 2006.

Daphna Mendelson, Esq., Mendelson & Associates, Daly City, CA, for Petitioners.

Ronald E. LeFevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Stacy S. Paddack, Kurt B. Larson, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS and THOMAS, Circuit Judges.

MEMORANDUM **

Josefina Valdez–Espinoza and Yuri Areli Burgoa–Guiterrez, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their applications for cancellation of removal. To the extent

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings. *See Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's discretionary determination that the petitioners failed to show exceptional and extremely unusual hardship. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 929 (9th Cir.2005).

The petitioners' contentions that the BIA disregarded their evidence, failed to consider the hardship factors relating to Valdez–Espinoza's daughter, and misapplied the law to the facts of their case, do not state colorable due process claims. *See id.* at 930 ("[t]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction."); *see also Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir. 2001) (holding that the "misapplication of case law" may not be reviewed).

Contrary to the petitioners' contention, the agency's interpretation of the hardship standard falls within the broad range authorized by the statute. *See Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1004–1006 (9th Cir.2003).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.